IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TOMMY L. PHILLIPS, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 2:16-cv-04068-MDH<br>) |
| SARA MILLER, Commissioner 13th Circuit Court, Columbia, Mo, MELANIE GRIFFITH, and MICHAEL BRADLEY, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ORDER

Before the Court are the following motions: Defendant Griffin's Motion to Dismiss (Doc. 54); Defendants Schneider, Bradley, and Miller's Motion to Dismiss (Doc. 55); Defendant Markel's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 56); and Defendant Parnell's Motion to Dismiss (Doc. 58). The time to respond to the pending motions to dismiss has expired. In response, Plaintiff has filed a notice of filing of a pleading in the 13th Circuit Court of Boone County, Columbia, Missouri that states "Motion to the 13th Judicial Circuit Plaintiff Motion "For Cause" to Change Judge Leslie Schnieder and Sara Miller Indefinitely" (Doc. 59) and another notice of filing to the Circuit Court of Boone County entitled "Plaintiff Request with Respect to the Court to Record Plaintiff (any and all) Endeavors of The Administrative and (only) his Judicial Procedures of Boone County 13th Judicial Circuit Court Functions." (Doc. 60).

On August 4, 2016, the Court held a hearing in this case. During the hearing Plaintiff requested leave to amend his Complaint for a third time. Defendants argued their previous

pending motions to dismiss Plaintiff's second amended Complaint stating Plaintiff had failed to state a claim upon which relief could be granted. After hearing argument, and reviewing the record before the Court, the Court granted Plaintiff leave to amend his Complaint a third and final time, cautioning Plaintiff that no further leave to amend would be granted. Plaintiff has now filed his Third Amended Complaint (Doc. 52); and Defendants' pending motions to dismiss Plaintiff's Third Amended Complaint are ripe for review.

Plaintiff's claims arise out of his dissatisfaction with the state court's rulings regarding child support, custody and family law disputes pending in Boone County, Missouri. While Plaintiff's Third Amended Complaint uses terms such as "discrimination," "gender bias," and "prejudice," that were not previously present in his complaints, Plaintiff's complaints stem from the child support orders he claims he cannot afford and have been unfairly entered against him. Plaintiff claims all parties involved in his family court proceedings, including the judges, attorneys, modification specialists and others, are liable to him for unfair treatment in those proceedings.

**STANDARD**

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

2

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). With regard to a pro se complaint the Court must liberally construe the allegations and "pro se litigants are held to a lesser pleading standard than other parties." *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n. 1 (8th Cir.2010) (citation omitted) However, a Plaintiff must allege sufficient facts to support his claims. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); citing, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); and *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir.1981) ("pro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."); see also, *Johnson v. Nixon*, 367 F. App'x 715 (8th Cir. 2010); citing, *Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir.1995) (complaint fell short of meeting even liberal standard for notice pleading where it was entirely conclusory and gave no idea what acts individual defendants were accused of that could result in liability).

## ANALYSIS

Defendant Miller was a commissioner who presided over Plaintiff's child custody and child support proceedings at different times, including 2009 and 2014. Defendant Schnieder was assigned Plaintiff's child custody matter after Commissioner Miller recused herself from the proceedings. Judge Schneider held an evidentiary hearing in Plaintiff's case and entered an order awarding custody to the mother of the child and ordering Plaintiff to pay GAL fees. Defendant Bradley presided over a court proceeding in which Plaintiff brought an action against

3

the husband of the mother of two of Plaintiff's children. Defendant Miller is a commissioner in Boone County, Missouri and Schnieder and Bradley are judges in Boone County, Missouri.

Defendant Amy Markel is an attorney who was appointed as guardian ad litem for Plaintiff's two minor children in the state court proceeding regarding custody and support that is the subject of Plaintiff's complaints as described herein. From the record before the Court it appears defendant Jennifer Griffin is an employee with the Department of Social Services and works in the child support enforcement and/or determinations division.[1]

Defendants move the court to dismiss Plaintiff's Third Amended Complaint for lack of subject matter jurisdiction, including the *Rooker/Feldman* doctrine and the domestic relations exception. Defendants also make arguments that Plaintiff's claims are barred for other reasons, including but not limited to, judicial immunity, res judicata, and qualified immunity. However, the Court finds Plaintiff's claims should be dismissed based on both *Rooker/Feldman* and/or the domestic relations exception, and therefore for purposes of this Order the Court finds it unnecessary to further analyze Defendants' additional arguments.

First, under the *Rooker/Feldman* doctrine, a party losing in state court is barred from seeking appellate review of the state judgment in federal district court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy,* 512 U.S. 997, 1005–06, 114 S. Ct. 2647, 2654, 129 L. Ed. 2d 775 (1994). The *Rooker/Feldman* doctrine not only bars straightforward appeals of state court decisions, but also indirect attempts by plaintiffs to undermine state court decisions in federal court. *Lemonds v. St. Louis Cty.*, 222 F.3d 488, 492–93 (8th Cir. 2000). As a result, federal district courts are barred from exercising jurisdiction "over general constitutional claims that are 'inextricably

---

[1] Griffin's Motion to Dismiss does not provide the Court with a clear understanding of her involvement in Plaintiff's state court proceedings. However, reviewing the record as a whole, including Plaintiff's allegations against Griffin, the Court concludes Griffin played a role in the child support payments and modifications.

intertwined' with specific claims already adjudicated in state court. *Id.* (internal citations omitted). The federal claim can be found to be inextricably intertwined with the state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." *Id.* In such cases, "where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.*

Here, Defendants argue Plaintiff is seeking the Court to oversee the state court's decisions regarding his family law, child custody and child support proceedings. The Court agrees. During the hearing this Court gave Plaintiff the opportunity to further explain his complaints and Plaintiff reiterated to the Court that he is dissatisfied with his state court proceedings and what he believes were "unfair" rulings as it pertains to his child support and child custody disputes. This Court does not have jurisdiction over Plaintiff's "complaint" regarding these rulings and further federal court is not the proper avenue for Plaintiff to appeal the state court decisions. *See Harris v. Missouri Court of Appeals, W. Dist.,* 787 F.2d 427, 429 (8th Cir. 1986).

In addition, Plaintiff's claims related to his state court proceedings are barred by the domestic relations exception that "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn,* 21 F.3d 859, 861 (8th Cir. 1994) (internal citations omitted). This also applies to a cause of action that closely relates to an action for divorce, alimony or child custody. *Id.* In those cases, federal courts will also abstain from exercising jurisdiction. *Id.* Again, Plaintiff's claims stem entirely from his dissatisfaction of the rulings made in state court with regard to child custody and support issues. The Court will not exercise jurisdiction of those claims as they fall under the domestic relations exception.

5

Finally, Defendant Parnell is a private attorney who represented Plaintiff at some point during the state court proceedings. Parnell also moves to dismiss on the basis of *Rooker/Feldman,* which this Court has found bars Plaintiff's claims. In addition, Parnell argues her role in representing Plaintiff in state court does not establish any basis for a cognizable prima facie case based on federal or state law that would give this Court jurisdiction over Plaintiff's claims, let alone state a cause of action. This Court agrees. First, Plaintiff has failed to state a claim that gives this Court jurisdiction and the Court declines jurisdiction for the reasons set forth herein. Further, Plaintiff has failed to state a cause of action against Parnell despite the Court granting him three attempts to do so.

Wherefore, for the reasons stated herein, the Court **GRANTS** Defendants Motions to Dismiss.

**IT IS SO ORDERED.**

Date: October 20, 2016

                                                       */s/ Douglas Harpool*
                                                    **DOUGLAS HARPOOL**
                                                    **UNITED STATES DISTRICT JUDGE**